**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
☐ Eastern (Jackson) DIVISION
☒ Western (Memphis) DIVISION

RECEIVED
2020 NOV 25 AM 7:48

Tameka Wilkerson
Plaintiff,

vs.                                                                 No. _____

Loomis Armored US, Inc.
Defendant.

## COMPLAINT

1. This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

   ☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
   *NOTE: In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

   ☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 – 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102 -166)
   *NOTE: In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

   ☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
   *NOTE: In order to bring a suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

   ☒ The Equal Pay Act of 1963 (Pub. L. 88-38)(EPA) as amended, as it appears in Vol. 29 of the U.S. Code, at Sec. 206(d). EPA is part of Fair Labor Standards Act of 1938 as amended (FLSA)

## JURISDICTION

2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

## PARTIES

3. Plaintiff resides at:

   1441 Old Commerce Rd
   STREET ADDRESS

   Tunica . Ms . 38664 . (901) 218-1071
   County   State   Zip Code   Telephone Number

4. Defendant(s) resides at, or its business is located at:

   2600 Southern Ave
   STREET ADDRESS

   Shelby . Memphis . TN . 38111
   County   City   State   Zip Code

   NOTE: If more than one defendant, you must list the names, address of each additional defendant.

5. The address at which I sought employment or was employed by the defendant(s) is:

   2600 Southern Ave

2

_Shelby_, _Memphis_ STREET ADDRESS _TN_, _38111_
County    City            State       Zip Code

6. The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

- [ ] Failure to hire
- [x] Termination of my employment
- [x] Failure to promote
- [x] Failure to accommodate my disability
- [x] Unequal terms and conditions of my employment
- [x] Retaliation
- [ ] Other acts *(specify)*: _____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

7. It is my best recollection that the alleged discriminatory acts occurred on: ___5/4/2017 then 10/30/2019___
Date(s)

8. I believe that the defendant(s) *(check one)*:

- [ ] is still committing these acts against me.
- [x] is **not** still committing these acts against me.

9. Defendant(s) discriminated against me based on my:
*(check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)*

3

[X] Race **African American**

[X] ~~Equal Pay~~ **Hispanic and White co-workers paid higher**

[X] Gender/Sex **Female**

[ ] Religion

[X] ~~National Origin~~ **Retaliation Complaints made about pay, demotion**

[ ] Disability

[ ] Age. If age is checked, answer the following:
I was born in _____. At the time(s) defendant(s) discriminated against me.

I was [ ] more [ ] less than 40 years old. *(check one)*

NOTE: *Only those grounds raised in the charge filed the Equal Employment Opportunity Commission can be considered by the federal district court.*

10. The facts of my case are as follows: **✻ Attached Additional Sheets**

Plaintiff was hired on May 11, 2001 with her most Recent position as Corporate Collector. On March 26, 2018, Plaintiff complained to management that her pay was not equal to her co-workers. On March 21, 2019, Plaintiff received an email from Mary Tejada (HF) Credit & Collections Manager that I was being demoted to Dispute Resolution Analysts effective April 1, 2019. Marie Abreu (Temp to Hire) took over her duties and responsibilites and being paid a high rate

*(Attach additional sheets as necessary)*

NOTE: *As additional support for your claim, you may attach to this complaint a copy of the*

of pay than Plaintiff. The same day, Plaintiff complained to Ms. Tejada and Sarah Kattapong (WF) Vice President Finance & Accounting. Plaintiff learned that other Black Corporate Collectors are not being paid the same as other White and Hispanic Corporate Collectors and Dispute Resolution Analysts.

*charge filed with the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.*

11. It is my best recollection that I filed a charge with the Tennessee Human Rights Commission regarding defendant's alleged discriminatory conduct on: _____

12. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: **April 5, 2019**
   / Date

**Only litigants alleging age discrimination must answer Question #13.**

13. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct. *(check one)*:

    ☒ 60 days or more have elapsed

    ☐ Less than 60 days have elapsed.

14. The Equal Employment Opportunity Commission *(check one)*:

    ☐ has not issued a Right to Sue Letter.

    ☐ has issued a Right to Sue letter, which I **received** on **August 29, 2020**
    Date

***NOTE:*** *This is the date you received the Right to Sue letter, not the date the Equal Employment Opportunity Commission issued the Right to Sue letter.*

15. Attach a copy of the Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.

***NOTE:*** *You must attach a copy of the right to sue letter from the Equal Employment Opportunity Commission.*

16. I would like to have my case tried by a jury:

    ☒ Yes

    ☐ No

5

**WHEREFORE,** plaintiff prays that the Court grant the following relief:

- ☐ direct that the Defendant employ Plaintiff, or
- ☐ direct that Defendant re-employ Plaintiff, or
- ☐ direct that Defendant promote Plaintiff, or
- ☐ order other equitable or injunctive relief as follows:_____

_____

- ☐ direct that Defendant pay Plaintiff back pay in the amount of_____ and interest on back pay;

- ☒ direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: *$300,000 mental anguish, emotional distress, lost wages (10/30/2019 thru end of judgment; stress-related expenses*

X_____
SIGNATURE OF PLAINTIFF

Date: X_____

X_____
Address

X_____
Phone Number

6

# 10 Lawsuit Facts for Tameka Wilkerson vs. Loomis Armored

1. Plaintiff was hired by Defendant on May 11, 2001 in the position of dispatcher.
2. Defendant promoted Plaintiff due to her excellent skill set and exceptional performance record to Operation Specialist in 2002.
3. Defendant promoted Plaintiff due to her excellent skill set and exceptional performance record to Sales Administration in 2004.
4. Defendant promoted Plaintiff due to her excellent skill set and exceptional performance record to Collections Specialist in 2017.
5. Plaintiff received many awards and recognition based upon her exceptional skill set and performance including being recognized in 2001 because she rolled out new database system Oracle.
6. Plaintiff received many awards and recognition based upon her exceptional skill set and performance including for her work in 2002-2004 for Change Orders processed.
7. Plaintiff received many awards and recognition based upon her exceptional skill set and performance including for her work in 2001-2014 for Team Member Open and Close building for night currency and coin drop
8. Plaintiff received many awards and recognition based upon her exceptional skill set and performance including for her work in 2005 for Katrina Mutilated Currency and Coin Processor
9. Plaintiff received many awards and recognition based upon her exceptional skill set and performance including for her outstanding 2007 Performance Review
10. Plaintiff received many awards and recognition based upon her exceptional skill set and performance including for her work in 2001-2014 for Quarterly Bonus for attendance

11. Plaintiff received many awards and recognition based upon her exceptional skill set and performance including for her work on St. Louis branch billing and contracts

12. Plaintiff received many awards and recognition based upon her exceptional skill set and performance including for her work in 2005-2012 for Safepoint Customer Trainer

13. Plaintiff received many awards and recognition based upon her exceptional skill set and performance including for her work for New Hire trainer for Customer Service, Market Sales and Security

**Count 1: Equal Pay Denial   ( see Exhibit 2)**

14. Defendant denied Plaintiff equal pay on June 1, 2017 by Management Personnel, Mary Tejada, Corporate Collection Manager for promotion.

15. Defendant's non-exempt positions are set based on the local market, job requirements and experience.

16. Plaintiff nor any other employee did not see justification for an increase beyond what was already planned for their merit increase as explained by Defendant's Management Mary Tejada Corporate Collection Manager sent email on June 7, 2018

17. Defendant had a practice of allowing Hispanic and Caucasian corporate collections specialist pay coming in the door at $25 per hour.

18. Plaintiff an African American female was denied equal pay by Defendant.

19. Full time employees for Mary Tejada were subjected to different pay.

20. Defendant's Management Mary Tejada Corporate Collection Manager is a Hispanic Female.

    Manager had different pay than Plaintiff

21. Defendant's Corporate Collections Specialist, Kathy Walsh and Lois Box, Caucasian Females

22. Defendant's employees Carlos Zepada, Hispanic Male and Jessica Rodriquez Hispanic Female had different pay than Plaintiff

23. Defendant's employees Dispute Analyst - Catherine Castillo Caucasian Female had different pay than Plaintiff

**Count 2: Denied Reasonable Accommodation ( see Exhibit 2)**

24. Plaintiff requested a reasonable accommodation.

25. On January Plaintiff was denied a reasonable accommodation.

26. Plaintiff sent an email to Mary Tejada Collection Manager on November 15, 2018 due to working in a hazardous work environment with Catherine Castillo Female Caucasian.

27. On January 8, 2019 Plaintiff received an email from Defendant's Management Mary Tejada Corporate Collection Manager, a Hispanic Female stating this will reviewed with Catherine Castillo.

28. On January 16, 2019 Plaintiff emailed Mary Tejada requesting a conference with Sarah Kattapong Caucasian Female VP of Finance, Mary Tejada manager, Kathy Perry VP of Human Resource Caucasian Female and Rob Chamberlain District Controller Caucasian Male.

29. Plaintiff was denied her meeting request made on January 16, 2019.

30. Plaintiff received an email from Defendant's Management Mary Tejada Corporate Collection Manager that performance and expectations will be in writing from Catherine Castillo and to continue working.

**Count 3:  Denial of Promotion ( see Exhibit 2)**

31. Defendant denied Plaintiff a promotion on March 5, 2019.

32. Plaintiff was told by from Defendant's Management Mary Tejada Corporate Collection Manager Female that the position of Dispute Analyst would not be reinvented as a Dispute Lead Analyst.

33. Defendant hired a temporary employee Marie Arbeu, Hispanic Female to take over Plaintiff's Current Position of Collection Specialist that became effective April 1, 2019.

34. Defendant's employee Catherine Castillo, Caucasian female would be promoted to Collections Specialist and Plaintiff would be demoted to Defendant's employee Catherine Castillo's position effective April 1, 2019.

35. Plaintiff was told she had to fly to Houston to train temporary employee Marie Abreu on her position.

36. Plaintiff did not have any written performance or attendance reviews,

37. At the time of the demotion Plaintiff, the only full-time African American employee and Administrator on the team was performing both job descriptions, training Managers and Team Members.

38. Plaintiff, the only full-time African American employee, and Administrator on the team that ran reports for Defendant's Management Mary Tejada Corporate Collection Manager, a Hispanic Female for and towards the team's performance goals.

**Count 4: Forced to Consider Termination Unless Acceptance of Demotion (See Exhibit 2)**

39. Defendant informed Plaintiff that with her prior 18-year experience with the company they made departmental changes including moving Plaintiff from Collections Specialist to Catherine Castillo Caucasian Female position Dispute Analyst.

40. Defendant told Plaintiff that they would not discuss another employee's performance with her.
41. Defendant told Plaintiff that going forward any concerns over a co-worker she had should be addressed with Defendant's Management Mary Tejada Corporate Collection Manager, a Hispanic Female.
42. Defendant told Plaintiff that the Dispute position role would be a good fit for her.
43. Defendant threaten Plaintiff's position and livelihood when they gave her a warning and ultimatum that if she did not want to fill the Dispute position rile, she would need to consider other opportunities outside of Defendant's employment.
44. Plaintiff filed complaints with Mary Tejada Collection Manager Hispanic Female on prior emails and included copies of emails to Sarah Kattapong VP of Finance Caucasian Female and Kathy Perry VP of Human Resource Caucasian female.
45. On March 22, 2019 Plaintiff filed an online complaint and formal visit on April 5, 2019 with EEOC.
46. On April 5, 2019-April 12, 2019 Plaintiff was on approved PTO for 6 days.
47. From April 1, 2019-April 18, 2019 Plaintiff received emails from Catherine Castillo and Mary Aberu requesting work completion.
48. Plaintiff received an email on April 18, 2019 from Mary Tejada regarding her schedule and emails not being answered from collection team members.
49. Plaintiff received an email on April 29, 2019 from Mary Tejada to fly to Houston, TX to with Sarah Kattapong.
50. Plaintiff was told in Tejada's email that there was no need to stay longer.

51. Plaintiff had never flown to Houston or any other city/state in her 18 years of traveling in multiple positions for a few hours stay and having a turning around flight or personal transportation.

52. Every Houston, TX visit from April 1, 2017 to April 29, 2019 Plaintiff booked per her availability to train coworkers and for team building.

53. On April 30, 2019 Plaintiff emailed EEOC Federal Mediator and included the email requesting a Houston Texas visit.

54. Pursuant to Defendant's they had not received her filed complaint from EEOC as of May 1, 2019.

55. On May 1, 2019 Plaintiff received an email from Mary Tejada requesting a response from her as to why she took a 2-hour lunch break.

56. Defendant treated Lois Box Caucasian Female Collection Specialist more favorably than Plaintiff

57. Defendant treated Kathy Walsh Caucasian Female Collection Specialist more favorably than Plaintiff

58. Defendant treated Jessica Rodriquez Hispanic Female Collection Specialist more favorably than Plaintiff

59. Defendant treated Carlos Zepada male Hispanic Collection Specialist more favorably than Plaintiff

60. Plaintiff was out on FMLA leave in May 2019 due to stress.

61. Defendant terminated Plaintiff on August 23, 2019 while she was on FMLA approved leave.

62. Plaintiff's payrate per hour at the time of her termination was $21.7195.